CONCHITA CUCHI COLL DE CARLO, Plaintiff and Appellant, *v.* GOVERNMENT OF THE CAPITAL, represented by its Mayoress, FELISA RINCÓN DE GAUTIER ET AL., Defendants and Appellees.

No. R-65-56.　　Decided June 30, 1966.

*Eduardo Cuchi Coll* for appellant. *González & Rodríguez* for appellees.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

On September 3, 1963, plaintiff-appellant suffered a fall on the sidewalk of Muñoz Rivera Avenue in Río Piedras, P.R., and, as it is alleged, through the fault of the Government of the Capital which has control of the sidewalk where plaintiff fell down, plaintiff-appellant suffered a fracture of the right arm in addition to other injuries which have partially disabled her; that in compliance with the provisions of § 96(a) of Act No. 142 of July 21, 1960, on April 13, 1964, plaintiff gave written notice to defendant of her claim in this case, which notice was made in an authentic manner with all the legal requisites established in subsections (b) and (c) of § 96; that on May 28, 1964 she instituted an action for damages against the Government of the Capital.

The Government of the Capital filed a motion for summary judgment, alleging that the accident having occurred on September 3, 1963, and notice thereof having been presented on April 13, 1964, the requirement of written notice to the Government of the Capital had not been complied with within the ninety days following the date on which the accident occurred, as provided by Act No. 142 of July 21, 1960, for which reason the right of action does not accrue. Besides

objecting to the summary judgment because plaintiff had not learned of the fracture until February 10, 1964, upon being examined by a doctor, plaintiff requested leave to amend the allegations of the complaint to join as a defendant the insurer, Consolidated Mutual Insurance Company. After a new amended complaint was filed, with the consent of the court, the Government of the Capital presented again its motion for summary judgment against the amended complaint. On the other hand, and after several motions to avoid default, Consolidated Mutual Insurance Company also moved for summary judgment, on the same ground of untimely notice to the Government of the Capital.

The trial court rendered judgment against plaintiff-appellant on the following ground. "From the face of the complaint and the arguments of counsel, as well as from the evidence introduced, it appears that plaintiff did not comply with the law as to the notice to the municipalities . . . . Said amended complaint, moreover, does not state facts constituting a cause of action against codefendant, Consolidated Mutual Insurance Company. Therefore, summary judgment will be entered dismissing the above-mentioned amended complaint."

In her petition for review before us, plaintiff-appellant assigns two errors: (1) the trial court erred in stating that plaintiff did not comply with the law as to notice requirement to the municipal corporation within the ninety days following the date of the accident, nor the damages sustained, the amount of the compensation, etc.; (2) it also erred in declaring that the amended complaint did not state facts constituting a cause of action against the defendant Consolidated Mutual Insurance Company.

■ 1–2. We are not so sure that we should apply our former case law as to the date on which the nature or extent of the damage was actually known, as the date to begin counting the ninety days within which notice should be pre-

sented to any municipal government or to the Government of the Capital giving a description of the accident and its cause, the amount of the monetary compensation or the type of remedy corresponding to the damage sustained, required by Act No. 142 of July 21, 1960. Now then, a summary judgment being involved, we believe that it is more convenient, in furtherance of justice, to set aside the pronouncement of the trial court in order to give plaintiff an opportunity to introduce her evidence as to any circumstances which contrary to the general rule may warrant an exception to our manner of understanding or construing said prohibition, leaving the solution of the legal question for when all the evidence which both parties want to introduce has been received.

■ However, as to the second pronouncement of the judgment, in the sense that the failure to notify the municipal corporation relieves the insurer from liability, the same is clearly erroneous. To understand it thus, we need only to refer to our decision in the case of *García* v. *Northern Assurance Co.*, 92 P.R.R. 236, 247 (Dávila) (1965), in which, contrasting the provisions of § 96(a) of Act No. 142 of July 21, 1960 with the provisions of § 20.030 of our Insurance Code of 1957, we established the rule that: "The requirement of service within the 90 days of the occurrence of the accident as a precedent condition to the filing of a complaint against a municipal government, is of strict compliance and operative as estoppel . . . . If there is no service no action may be instituted against the municipality but there is no bar to its filing against the insurance company, it being a direct action against the latter. The insurance company does not profit from the aforementioned provision of the Municipal Law, which in effect is solely a condition for filing the action against the Municipality."

The summary judgment rendered on February 25, 1965 by the Superior Court of Puerto Rico, San Juan Part, will

be reversed and the case remanded for further proceedings consistent with this opinion.

Mr. Justice Blanco Lugo concurs in the result.